Torres Santana, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de compraventa.

No. 397.—Resuelto en diciembre 17, 1918.

Poder para Enajenar Bienes Inmuebles Gananciales—Gananciales—Bienes—Enajenación.—En este caso la esposa, según el primer párrafo de la escritura de mandato, confirió poder al esposo para que, ''con relación a los bienes propios de la compareciente y a los gananciales de ambos, lo ejercite en estos términos:'' y según la cláusula sexta: ''Para que venda libremente o con condiciones las fincas rústicas o urbanas que pertenezcan actualmente a la que suscribe, así como las que adquiera en lo sucesivo.'' Presentada para su inscripción la copia de una escritura de venta de inmueble que otorgara el esposo por sí y como apoderado de la esposa, el registrador la denegó por ''no aparecer que dicho esposo apoderado tenga facultades para vender bienes inmuebles de la sociedad de gananciales.'' *Se resolvió:* Que si bien la redacción de la cláusula sexta del poder hace surgir alguna duda, tal duda desaparece cuando se interpreta dicha cláusula en relación con el párrafo primero del mandato.

Estado Civil—Nombre del Cónyuge Omitido en la Inscripción—Defecto Subsanable—Subsanación de Defectos—Acta Matrimonial.—Cuando del registro no aparece el nombre del cónyuge al tiempo de adquirir la finca vendida, constituye esto un defecto subsanable que puede corregirse presentando en el registro la copia certificada de la correspondiente acta matrimonial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció por escrito.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Juan Ramírez Muñoz, por sí y como apoderado de su esposa, Guadalupe Hernández Ramos, compareció ante notario público y vendió a Ceferino Torres Santana una finca rústica. Presentada la escritura para su inscripción en el registro, el registrador se negó a ello por medio de la siguiente nota:

''Denegada la inscripción del precedente documento, que es la escritura número 162 otorgada en Caguas el 26 de septiembre de

este año, ante el notario Rafael Arce, y extendida en su lugar anotación preventiva por el término legal, a favor de Ceferino Torres Santana al folio 218 vuelto del tomo 19 de Aguas Buenas, finca número 790 triplicado, anotación letra A, por las razones siguientes: Por resultar que el señor Ramírez Muñoz vende esta finca como perteneciente a la sociedad de gananciales con su esposa Guadalupe Hernández Ramos, y del poder que ésta le confirió en escritura número 208 otorgada en Caguas, el 30 de octubre del pasado año, ante el notario Rafael Arce Rollet, que se ha tenido a la vista, no aparece que dicho esposo apoderado tenga facultades para vender bienes inmuebles de dicha sociedad conyugal. Se hace constar el defecto subsanable de que no constando del registro el estado civil del señor Ramírez Muñoz cuando adquirió esta finca, no se acredite que en caso de ser casado en la fecha de dicha adquisición, lo estuviera con su actual esposa Guadalupe Hernández Ramos.''

Contra la nota transcrita interpuso el comprador el presente recurso gubernativo. En la escritura de compraventa se transcriben los siguientes particulares del poder conferido al vendedor por su esposa, que son en realidad de verdad los esenciales para resolver la cuestión de que se trata:

''Que confiere poder cumplido y con la   *   *   *   extensión legal necesaria a favor de su legítimo esposo, don Juan Ramírez Muñoz, mayor de edad, propietario y también vecino de Gurabo, para que, con relación a los bienes propios de la compareciente y a los gananciales de ambos, lo ejercite en estos términos:

    *       *       *       *       *       *       *

*Sexto.*—Para que venda, libremente o con condiciones, las fincas rústicas y urbanas que pertenezcan actualmente a la que suscribe, así como las que adquiera en lo sucesivo, estipulando el precio que creyere más ventajoso.''

Si el notario hubiera redactado la cláusula sexta del poder tan claramente como el párrafo primero de los transcritos, no existiría duda de ningún género. Eso no obstante opinamos que tal como aparece el poder, es bastante. En el párrafo primero se describe la naturaleza de los bienes en relación con los cuales se otorga el mandato, a saber: los bienes propios de la esposa y los bienes gananciales, y en la cláusula sexta, si bien las palabras ''que pertenezcan actual-

mente a la que suscribe," hacen surgir alguna duda, tal duda desaparece cuando se observa que dichas palabras interpretadas en relación con el párrafo primero deben estimarse como generales y abarcándolo todo, esto es, los bienes que pertenezcan privativamente a la esposa o puedan pertenecerle en parte como gananciales. La lectura de la totalidad del poder, que también se presentó en el registro, robustece la conclusión a que hemos llegado.

El defecto subsanable existe de acuerdo con la jurisprudencia establecida en el caso de *Ortiz* v. *El Registrador de San Germán,* 23 D. P. R. 702.

Por virtud de lo expuesto debe revocarse la nota y ordenarse la inscripción solicitada pero con el defecto subsanable de que se ha hecho mención.

> *Revocada la nota y ordenada la inscripción con el defecto subsanable apuntado por el registrador.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.